IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

WADE SCOTT, JR.  )
 )
    Plaintiff,  )
 )  Case No. 03-2599 D/V
vs.  )
 )
REGIONAL MEDICAL CENTER  )
 )
    Defendant  )

## ORDER TAXING COSTS

Taxation of costs is governed by 28 U.S.C. § 1920, and the costs taxable under this section "shall be allowed as of course to the prevailing party unless the court otherwise directs" or unless a statute or rule otherwise provides. Fed.R.Civ.P 54(d)(1). Regional Medical Center, Defendant, was the prevailing party in this cause. As such, Defendant did on April 18, 2005 file a cost bill totaling $5,729.37 for process service fees, court reporter fees and the cost of deposition transcriptions, witness fees and copy costs.

Notice was given to permit these parties opportunity to be heard at a taxation hearing scheduled in Memphis, TN, on Friday, May 13, 2005 at 9:30 a.m. regarding the assessment of costs pursuant to Local Rule 54.1(b).

As a result of Defendant's claim and based on matters reflected in the file, costs are taxed against Plaintiff and in favor of Defendant as follows:

|                      | CLAIM      | AWARD      |
|----------------------|------------|------------|
| Process service fees | $1,260.00  | $1,260.00  |
| Deposition costs     | $3,106.05  | $3,081.05  |
| Copy/printing costs  | $1,242.32  | $  116.22  |
| Witness fees         | $  120.00  | $  120.00  |
| **TOTAL**            | **$5,729.37** | **$4,577.27** |

Fees for Service of Summons and Subpoena:

Pursuant to 28 U.S.C. §1921, the prevailing party is entitled to recover the sum paid to a private process server to serve subpoenas, as long as the amount charged does not exceed that which would be charged by the United States Marshal. Arrambide v. Wal-Mart Stores, Inc., 33 Fed.Appx. 199, No. 00-6272, 2002 WL 531137, **(6th Cir. April 4, 2002). Under 1921(b), the Attorney General is permitted to prescribe by regulation the fees which will be charged by the Marshal's Service to serve subpoenas and other process. Those regulations currently provide the United States Marshal Service charges $45.00 per hour to serve subpoenas. See 28 C.F.R. §0.114.

Deposition fees:

Title 28, Sections 1920(2) and (4) declare that the cost of taking and transcribing depositions and transcripts, and the cost of purchasing copies of depositions may be taxed if the depositions were "necessarily obtained for use in the case." Thus, if the depositions are "reasonably necessary to the prosecution of the action," and not "merely useful for discovery," the costs are

2

appropriately taxed. <u>Ramos v. Lamm</u>, 713 F.2d 546, 560 (10th Cir. 1983); <u>Sales v. Marshall</u>, 873 F.2d 115, 120 (6thCir. 1989); <u>Independent Iron Works, Inc. v. U.S. Steel Corp.</u>, C.A. Cal. 1963, 322 F.2d 656, certiorari denied 84 S. Ct. 267, 375 U.S. 922.

A deposition does not have to be used as evidence to be taxed as an expense. "When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken." 10 Charles Allen Wright et al, <u>Federal Practice and Procedure: Civil 2d</u> §2676, at 341(2d ed. 1983); <u>see also</u> <u>Sales</u>, 873 F.2D at 120 ("Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling."), <u>and</u> <u>Shanklin v. Norfolk Southern Railway Co.</u>, No. 94-1212 (W.D. Tenn. Sept. 9, 1996) relying on <u>Hudson v. Nabisco Brands, Inc.</u>, 758 F.2d 1237, 1243 (7th Cir. 1985); <u>In re Air Crash Disaster</u>, 687 F.2d 626, 631 (2d Cir. 1982).

The determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use. <u>See</u> Wright et al., <u>supra</u>, §2676, at 341-44; <u>Zotos v. Lindbergh Sch. Dist.</u>, 121 F.3d 356, 363 (8th Cir. 1997).

In support of this tax claim, Defendant's bill includes copies of the court reporters' invoices detailing reporter fees and deposition transcript charges incurred. Defendant's claim is

3

allowed, save for the administrative cost (courier fee) charged which is classified as a business cost, borne for convenience of counsel, and is therefore not taxable. The administrative cost has been culled from the award.

Copy fees:

Where records or papers are copied by counsel for prevailing party in preparation for trial, their costs may be recovered, even though no trial is actually held, pursuant to 28 U.S.C. § 1920(4), which provides that fees for exemplification and copies of papers necessarily obtained for use in case, may be taxed as costs. Meadows v. Ford Motor Co. (1973, WD Ky) 62 FRD 98, 5 BNA FEP Cas 665, on remand (WD Ky) 11 BNA FEP Cas 1047 and cert den 425 US 998, 48 L. Ed 2d 823, 96 S Ct 2215, 12 BNA FEP Cas 1335.

Defendant's reimbursement claim of copy costs ($140.00) for medical records procured is granted. The balance of the copy cost request is denied due to insufficiency of the record to demonstrate these costs as reasonably necessary to the case and not for the convenience of counsel or the routine costs of doing business. While the requested reimbursement ostensibly represents the costs of photocopies made during the course of litigation, the general summarization provided, "2/9/2005 Photocopy-1278 pages," provides insufficient detail about what was copied or how these copies were used, denying Plaintiff the opportunity to protest the award.

4

Taxable copy costs permitted under 28 U.S.C. § 1920 contemplate copies reasonably necessarily for use in the case, but not for the convenience of attorneys. <u>Independence Tube Corp. v. Copperweld Corp.</u>, D.C.Ill.1982, 543 F.Supp. 706. Defendant is reimbursed the cost of the medical records. The balance of the copying of papers is essentially undocumented in this cost bill, and is therefore disallowed. <u>Zapata Gulf Marine Corp. V. Puerto Rico Maritime Shipping Authority</u>, E. D. La. 1990, 133 F.R.D. 481.

**TOTAL AWARD**     <u>**$4,577.27**</u>

Pursuant to Fed.R.Civ.P. Rule 54(d), the taxation of costs by the Clerk may be reviewed by the court upon motion, served within 5 days of the docketing of this order.

*[signature]*

ROBERT R. DI TROLIO, CLERK

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 61 in case 2:03-CV-02599 was distributed by fax, mail, or direct printing on May 23, 2005 to the parties listed.

---

Wade A. Scott
4002 Hitchcock
Memphis, TN 38128

Robert Di Trolio
CLERK, U.S. DISTRICT COURT
242 Federal Bldg.
167 North Main Street
Memphis, TN 38103

Peggy J. Lee
LEE LAW FIRM
147 Jefferson
Ste. 406
Memphis, TN 38103

David P. Jaqua
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Honorable Bernice Donald
US DISTRICT COURT